| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| James M. Blucker, Attorney at Law<br>3800 E. Concours St., Suite 300<br>Ontario, CA 91764<br>(909) 354 -2146 Phone<br>bluckerlaw@gmail.com<br>State Bar # 311340 | **FILED**<br>MAR – 6 2018<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY_____ Deputy Clerk |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Geanie YJL Cai | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>Rodney Desean Leverett, Sr. and Lecrescia Marlene Leverett | CASE NO.: 6:18-bk-11307-SC<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** |
| Debtor(s). | DATE: 03/20/2018<br>TIME: 10:00 am<br>COURTROOM: 126 |
| **Movant:** Geanie YJL Cai | |

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012         ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☒ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 1                    F 4001-1.RFS.UD.MOTION

#6014 1402

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☒ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: __03/06/2018__

Law office of James M. Blucker _____
Printed name of law firm (if applicable)

James M. Blucker, Esq. _____
Printed name of individual Movant or attorney for Movant

_[signature]_ _____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 2    F 4001-1.RFS.UD.MOTION

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER
CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
(Unlawful Detainer)**

1. **Movant is the:**

   a. ☒ Owner of the Property
   b. ☐ Authorized Agent of the owner of the Property
   c. ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   Type of Property: ☒ Residential  ☐ Nonresidential

   *Street Address*: 12849 San Juan St.
   *Unit/Suite Number*:
   *City, State, Zip Code*: Victorville, CA 92395

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary   petition under chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13
   was filed on (*date*): 02/20/2018

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
   was entered on (*date*):

   c. ☐ A plan was confirmed on (*date*):

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply*):**

   a. ☐ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving
   residential property in which the Debtor resides and:

   (1) ☐ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

   (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become
   due during the 30-day period after the filing of the petition.

   (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification
   required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has
   been cured.

   (4) ☐ Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as
   Exhibit _____. A hearing on this objection is set for (*date*) _____.

5. **Grounds for Relief from Stay:** (*check all that apply*)

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had
   no right to continued occupancy of the premises, as follows:

   (1) ☒ Movant caused a notice to quit to be served on the Debtor.

   (2) ☒ An unlawful detainer proceeding was commenced on (*date*)  01/23/2018 .

   (3) ☐ An unlawful detainer judgment was entered on (*date*) _____.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 3                    **F 4001-1.RFS.UD.MOTION**

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

(1) ☐ The lease or other right of occupancy expired by its terms on (*date*) _____.

(2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) _____.

(3) ☒ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

(5) ☐ The bankruptcy case was filed in bad faith:

(A) ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 4                                    **F 4001-1.RFS.UD.MOTION**

7. **Evidence in Support of Motion:** (*Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

   a. The UNLAWFUL DETAINER DECLARATION on page 7.

   b. ☒ Supplemental declaration(s).

   c. ☐ Other (*specify*):


**Movant requests the following relief.**

1. Relief from stay pursuant to:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☒ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
   ☒ without further notice.
   ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☒ without further notice.
   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☒ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 5                                    F 4001-1.RFS.UD.MOTION

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

    a. ☐ Establishment of a deadline for assumption or rejection of the lease.

    b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☐ Other relief requested.

Date: 03/06/2018

                                                 Law Office of James M. Blucker
                                                 Print name of law firm (*if applicable*)

                                                 James M. Blucker, Esq.
                                                 Print name of individual Movant or attorney for Movant (*if applicable*)

                                                 Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# UNLAWFUL DETAINER DECLARATION

I, (name of declarant) Dawn Leach _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (specify):

   a. ☐ I am the Movant and owner of the Property.

   b. ☒ I manage the Property as the authorized agent for the Movant.

   c. ☐ I am employed by Movant as (title and capacity):

   d. ☐ Other (specify):

2. a. ☒ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   ☒ Residential  ☐ Nonresidential

   Street Address: 12849 San Juan St.
   Unit/Suite Number:
   City, State, Zip Code: Victorville, CA 92392

4. Movant is the  ☒ legal owner of the Property, or  ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit 1____. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Debtor asserts a possessory interest in the Property based upon:

   (1) ☐ a month-to-month tenancy

   (2) ☒ a lease that is in default

   (3) ☐ after a foreclosure sale that was held on (date): _____.

   (4) ☐ other (specify):

6. The Debtor failed to pay:

   a. ☒ The monthly rent of $ 1,395.00 _____ beginning on (date): 01/01/2018 .

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 7                                F 4001-1.RFS.UD.MOTION

b. ☐ Other obligations including:

    (1) ☐ Common area maintenance charges

    (2) ☐ Property taxes

    (3) ☐ Other obligations (*specify*):

7. Procedural status

a. ☐ The lease matured or was rejected on (*date*) _____:

    (1) ☐ by operation of law.

    (2) ☐ by order of the court.

b. ☒ Movant caused a notice to quit to be served upon the Debtor on (*date*) 01/16/2018 , and a true and correct copy is attached as Exhibit 2 .

c. ☒ Before the bankruptcy petition was filed:

    (1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) 01/23/2018 , and a true and correct copy is attached as Exhibit 3 .

    (2) ☐ Trial was held on (*date*) _____

    (3) ☐ Trial was continued to (*date*) _____.

    (4) ☐ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

    (5) ☐ A writ of possession for the Property was issued on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

d. After the bankruptcy petition was filed:

    (1) ☐ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

    (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

    (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

    (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

        (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

        (B) ☐ Movant has not filed and served an objection.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*        Page 8        **F 4001-1.RFS.UD.MOTION**

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ___. A hearing on this objection is set for: _____.

(6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

a. ☒ Residential, and is not producing income for the Debtor.

b. ☐ Commercial, but no reorganization is reasonably in prospect.

c. ☐ No longer property of the estate.

d. ☐ Other (specify):


10. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (specify):


11. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property include:

(1) Case name: _____
    Chapter: _____    Case number: _____
    Date filed: _____    Date discharged: _____    Date dismissed: _____
    Relief from stay regarding the Property ☐ was ☐ was not  granted.

(2) Case name: _____
    Chapter: _____    Case number: _____
    Date filed: _____    Date discharged: _____    Date dismissed: _____
    Relief from stay regarding the Property ☐ was ☐ was not  granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(3) Case name: _____

    Chapter: _____    Case number: _____

    Date filed: _____    Date discharged: _____    Date dismissed: _____

    Relief from stay regarding the Property ☐ was ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/02/2018 | Dawn Leach | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                Page 10                F 4001-1.RFS.UD.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:




☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) 03/06/18 _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Nicholas M. Wajda
Wajda Law Group APC
11400 W. Olympic Blvd Ste 200
Los Angeles, CA 90064

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/06/18 _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Scott Clarkson
411 West Fourth Street Suite 5130 / Courtroom 5C
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| 03/06/18 | John B. Baldwin | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                           Page 11                           F 4001-1.RFS.UD.MOTION

# Exhibit 1

# LEASE AGREEMENT

THIS AGREEMENT is effective this _____1_____ day of _____March_____, _____2017_____
                                        *(Day)*                *(Month)*              *(Year)*

between _____Geanie YJL Cai_____ "Owner/Agent", whose address and
                *(Name of Owner/Agent)*

phone number are _____15428 Civic Dr Ste 150 Victorville Ca 92392_____ _____760-269-0400_____,
                        *(Address and Telephone of Owner/Agent)*

and _____Lecrescia Leverett_____ "Resident."
            *(List all Residents who will sign this Agreement)*

THE PARTIES AGREE AS FOLLOWS:

1. **RENTAL UNIT:** Subject to the terms and conditions of this Agreement, Owner/Agent rents to Resident and Resident rents from Owner/Agent, for residential use only,

    the premises located at: _____12849 San Juan St_____, Unit # (if applicable)_____,
                                    *(Street Address)*

    _____Victorville_____ CA, _____92395_____
            *(City)*                        *(Zip)*

2. **TERM:** The term of this Agreement is for __1 yr__, beginning on __3/1/17__ and ending on __2/28/18__,
                                                    *(Term)*                  *(Date)*                        *(Date)*
   at which time this Lease shall terminate without further notice. Any holding over thereafter shall result in Resident being liable to Owner/Agent for daily rental damages equal to the current market value of the unit, divided by 30. A "month-to-month" tenancy subject to the terms and conditions of this agreement shall be created only if Owner/Agent accepts rent from Resident thereafter, and if so accepted, tenancy may be terminated by Resident after service upon the Owner/Agent of a written 30-day Notice of Termination. Except as prohibited by law, that month-to-month tenancy may be terminated by the Owner/Agent by service upon the Resident of a written 60-day notice of termination of tenancy. However, Civil Code Section 1946.1 provides that "if any tenant or resident has resided in the dwelling for less than one year", the Owner/Agent may terminate the tenancy by service upon the Resident of a written 30-day notice.

3. **RENT:** Rent is due in advance on the _____1st_____ day of each and every month, at $ _1395.00_

    per month, beginning on _____2/16/2017_____.
                                *(Date)*

    Rent is to be paid to _____MGR Property Management_____
                                *(Name to whom rent payment should be made)*

    and is to be delivered to _____Property manager or staff member_____
                                    *(Name to whom rent should be delivered)*

    at _____15428 Civic Dr Ste 150 Victorville Ca 92392_____
            *(Address where payments should be delivered)*

    Telephone number for above address: _____760-269-0400_____

    Payments made in person may be delivered between the hours of __8 am__ and __5 pm__ on the following days of the week:
    ☒ Monday ☒ Tuesday ☒ Wednesday ☒ Thursday ☒ Friday ☒ Saturday ☒ Sunday ☒ Other _____drop box_____

    Acceptable methods of payment:
    ☒ Personal Check ☒ Cashier's Check ☒ Money Order ☐ EFT/Credit Card (see Owner/Agent for details) and ☐ Cash



Tenancy start date: _____3/1/17_____. Rent for any partial month shall be prorated at the amount of 1/30th of the monthly rent per day.

☐ The tenancy did not start on the first of the month, Resident is to pay:

One month's rent at move-in: $ _____
                                          *(Full rent amount)*

Prorated rent of $ _____ on _____
                        *(Amount of prorated rent)*                          *(Date)*

The regular rent of $ _____, each month, beginning _____
                                                                                    *(Date)*

4. **RENT PAYMENT:** Owner/Agent may apply any payment made by Resident to any obligation of Resident to Owner/Agent notwithstanding any dates or other direction from Resident that accompanies any such payment. Any attempt by Resident to allocate a payment in any other way shall be null and void, including the use or application of a restrictive endorsement or limitation on any check or other payment. In the event of roommates, or another form of multiple occupancy, Resident understands and agrees that rent shall be paid with a single payment and that it is up to Resident to collect individual checks or other payments in order to submit a single rent payment. If payment by mail is allowed, Resident bears the risk of loss or delay of any payment made by mail and Owner/Agent must receive mailed rent payments on or before the due date, except as otherwise provided by law. In absence of prior written agreement, Owner/Agent will accept rent payments only from the Resident. Rent tendered by a Non-Resident shall be deemed rent tendered on behalf of Resident only and not on behalf of the Non-Resident. Should the Owner/Agent elect to accept a payment that does not comply with this paragraph, this shall not be construed as a waiver of this provision.

5. **LATE FEES AND INSUFFICIENT FUNDS:** If rent is paid after the _____5th_____ of the month, there will be a late charge of $ 100.00 _____ assessed. This late charge does not establish a grace period. The parties agree that this late fee is presumed to be the amount of damage resulting from the late payment of rent. It would be impracticable or extremely difficult to fix the actual damage. This sum represents a reasonable endeavor by the Owner/Agent to estimate fair average compensation for any loss that may be sustained as a result of late payment of rent. Failure to pay the fee is a material breach of this Agreement. Pursuant to California law, if Resident passes a check on insufficient funds, Resident will be liable to Owner/Agent for the amount of the check and a service charge of $ 25.00 _____, not to exceed $25 for the first check passed on insufficient funds, and $35 for each subsequent check passed on insufficient funds. The Owner/Agent may refuse a personal check as the form of rent payment to cure a Three-Day Notice to Pay Rent or Quit.

6. **SECURITY DEPOSIT:** Resident shall deposit with Owner/Agent, as a security deposit, the sum of $ 1600.00 _____

☒ prior to taking possession of the unit **or** ☐ no later than _____ (check one).

Resident shall not use the security deposit to pay any month's rent. Owner/Agent may withhold from the security deposit only such amounts as are reasonably necessary to remedy Resident defaults including, but not limited to, the following:
(a) defaults in the payment of rent,
(b) to repair damages to the premises caused by Resident, exclusive of ordinary wear and tear, and/or
(c) to clean the premises, if necessary, upon termination of the tenancy in order to return the unit to the same level of cleanliness it was in at the inception of the tenancy, and/or
(d) to restore, replace, or return personal property or appurtenances, exclusive of ordinary wear and tear.

No later than 21 calendar days after Owner/Agent has regained possession of the premises, Owner/Agent shall return any remaining portion of such security deposit to Resident. Any remaining portion of the security deposit shall be returned in the form of a single check made out to all Residents listed above. After either the Owner/Agent or the Resident provides notice to terminate the tenancy, the Owner/Agent and Resident may mutually agree to have the Owner/Agent deposit any remaining portion of the security deposit electronically to a bank account or other financial institution designated by the Resident or to another form or method of return.

7. **RENTAL UNIT AVAILABILITY:** In the event the unit is not available on the move-in date due to a prior Resident holding over, or other cause not within the control of Owner/Agent, Resident's damages will be limited to a return of the security deposit, any holding or other deposits and any advance payment of rent.



*California Apartment Association Approved Form*
*www.caanet.org*
*Form 2.1 - Revised 12/16 - ©2016 – All Rights Reserved*
*Page 2 of 8*

**Unauthorized Reproduction of Blank Forms is Illegal.**



8. **UTILITIES:** Resident shall pay for all utilities, services and charges, if any, made payable by or predicated upon occupancy of Resident, **except:** _____
Resident shall have the following utilities connected at all times during the tenancy (check as applicable):
☒Gas ☒Electric ☒Water ☒Trash ☐Sewer ☐Other: _____

Disconnection of utilities due to non-payment is a material violation of this Agreement.

Resident shall not use common area utilities (such as water or electricity) for the Resident's personal use, without prior written permission from the Owner/Agent.

9. **CASH PAYMENT:** The Owner/Agent may demand or require cash as the exclusive form of payment of rent or security deposit if the Resident has previously attempted to pay the Owner/Agent with a check drawn on insufficient funds or the Resident has stopped payment on a check, draft, or money order. If the Owner/Agent chooses to demand or require cash payment under these circumstances, the Owner/Agent shall give the Resident a written notice stating that the payment instrument was dishonored and informing the Resident that the Resident shall pay in cash for a period determined by Owner/Agent, not to exceed three months, and attach a copy of the dishonored instrument to the notice.

10. **ELECTRONIC RENT PAYMENTS:** If Resident pays online or by direct deposit, such payment shall be deemed to come from Resident regardless of the source of the payment. Payment online or by direct deposit may be rejected or returned by Owner/Agent during the pendency of any legal action, or in anticipation of legal action. Failure or refusal by Resident to cash Owner/Agent's rent refund check shall not defeat Owner/Agent 's rejection of the rent being refunded.

11. **AGENT FOR SERVICE OF NOTICES AND PROCESS:** The Owner/Agent's agent for service of any notices and for service of process is:

MGR Property Management
*(Name of person to whom documents should be delivered)*

at _____ 15428 Civic Dr Ste 150 Victorville Ca 92392 _____
*(Address where documents should be delivered)*

12. **OCCUPANTS:** Premises shall be occupied only by the following named person(s):

| Lacrescia Leverett | 10/14/74 | Caclin Leverett | 5-31-08 |
|---|---|---|---|
| *Name* | *Birthdate* | *Name* | *Birthdate* |
| Rodney Leverett | 8-19-99 | | |
| *Name* | *Birthdate* | *Name* | *Birthdate* |
| Brooklyne Leverett | 5-25-05 | | |
| *Name* | *Birthdate* | *Name* | *Birthdate* |

13. **GUEST(S):** Any person who is not listed as an Occupant on this Agreement is a Guest. A Guest may not stay on the premises for more than _____14_____ consecutive days, or a total of ___14___ days in a 12-month period. At the discretion of Owner/Agent, Guest(s) who overstay this limit may be required to go through the application process, and if approved, must sign a Rental/Lease Agreement. Resident is responsible for any violation of this Rental/Lease Agreement by Resident's Guests.

14. **USE OF PREMISES:** The premises shall be used as a dwelling for residential purposes only and for no other reason. No retail, commercial, or professional use of the premises shall be made, unless such use conforms to applicable zoning laws and the prior written consent of Owner/Agent is obtained in advance of such proposed use. As a condition for granting such permission, Owner/Agent may require that Resident obtain liability insurance for the benefit of Owner/Agent.

15. **SUBLETTING AND ASSIGNMENT:** No portion of the premises shall be sublet nor this Agreement assigned. Any attempted subletting or assignment by Resident shall, at the election of Owner/Agent, be an irremediable breach of this Agreement and cause for immediate termination as provided herein and by law. Resident is prohibited from offering all or part of the premises for short-term rental, such as through AirBNB, VRBO or other such sites. Any person who is not an Occupant or Resident, who occupies any portion of the dwelling unit, for any period of time whatsoever, for any compensation or consideration whatsoever (including, without limitation, the payment of money and/or trade and/or barter of other goods, services, or property occupancy rights) is not a Guest. This constitutes attempted subletting or assignment under this Agreement.

16. **PROHIBITIONS:** Without Owner/Agent's prior written permission as an addendum to this Agreement, no pets, pianos, aquariums, waterbeds, outside antennae, charcoal burners or other open-flame cooking devices, or liquefied petroleum gas fueled cooking devices ("grills") or

_____ shall be kept or allowed in or about the premises.

Resident shall not engage in any of the actions or conduct related to marijuana, that are otherwise permitted under Health and Safety Code 11362.1, on the premises.

Resident shall refrain from shaking or hanging clothing, curtains, rugs, and other coverings and cloths outside of any window ledge or balcony. No clotheslines or drying racks may be used in outdoor areas, balconies, patios, etc. without the Owner/Agent's prior written permission. Plants and other items may not be placed on balcony railings or ledges, unless Owner/Agent has expressly agreed otherwise in writing in an addendum to this Agreement.

17. **LARGE APPLIANCES:** Resident shall not move or remove any large appliances provided by Owner/Agent without prior written consent of the Owner/Agent. Resident shall not install or operate any additional refrigerators, freezers, washing machines, clothes dryers, portable dishwashers, air conditioners or other large appliances not provided by the owner, without prior written consent of the Owner/Agent.

18. **QUIET ENJOYMENT:** Resident and Resident's guest(s) shall not violate any criminal or civil law, ordinance or statute in the use and occupancy of the premises, commit waste or nuisance, annoy, molest or interfere with any other person on the property, or neighbor. Any such action may result in the immediate termination of this Agreement as provided herein and by law. Resident shall refrain from creating, or allowing to be created, any noise that is disturbing to other residents. Resident is also responsible for compliance with any local noise ordinances.

19. **PARKING:**
   ☐ This Agreement does not provide for parking of any motor vehicle or motorcycle anywhere in or about the Premises, the Building, and/or the driveway(s). **(If neither box is checked, this provision applies.)**

   ☒ In the absence of a specific parking or garage agreement, the following shall apply. Number of parking spaces

   assigned to Resident's unit _____. Only one passenger vehicle or motorcycle may be parked in each space. Resident shall only use assigned parking spaces and shall ensure that guests park only in unassigned areas or designated guest parking areas. Resident may not use any parking space for recreational vehicles, boats, busses, trailers or similar non-passenger vehicles. The parking area may not be used for storage without prior written permission. Resident may not use any parking space to wash or repair vehicles, to change oil in vehicles or for any purpose other than parking.

   Resident agrees to move the vehicle and cooperate fully with the Owner/Agent so that any repairs or alterations to parking or other areas can be made in as expeditious and efficient a manner as possible.

   Resident shall ensure that posted and designated fire zones or "No Parking" areas remain clear of vehicles at all times. Resident shall refrain from parking in unauthorized areas or in another resident's designated parking space. (Vehicles parked in unauthorized areas or in another resident's space may be towed away at the vehicle owner's expense.) Only currently registered vehicles may be parked on the property. A vehicle that lacks an engine, transmission, wheels, tires, doors, windshield, or any other major part or equipment necessary to operate safely on the highways, is subject to tow under California Vehicle Code 22658. Vehicles parked in violation of local laws/ordinance are subject to tow.

20. **SMOKING PROHIBITION:** Smoking of any substance is prohibited everywhere on the premises, including in individual units and interior and exterior common areas, **unless** Owner/Agent has adopted a different policy that is attached as an addendum to this Agreement. Smoking includes the use of e-cigarettes or vaping. The term "smoke" includes vapor from e-cigarettes or other vaping devices. (Check a box if an addendum is attached).

   ☒ This property's policy with respect to allowing smoking is in the attached addendum.

   ☐ This property is subject to a local non-smoking ordinance. The policy for this property is in the attached addendum.

   Resident shall inform his or her guest(s) of this Smoking Prohibition. Resident shall promptly notify Owner/Agent in writing of any incident where smoke is migrating into Resident's unit from sources outside of Resident's unit. Resident acknowledges that Owner/Agent's adoption of this policy, does not make the Owner/Agent the guarantor of the Resident's health or of the




**Unauthorized Reproduction of
Blank Forms is Illegal.**


smoke-free condition of the areas listed above. However, Owner/Agent shall take reasonable steps to enforce this provision. Owner/Agent shall not be required to take steps in response to smoking unless Owner/Agent has actual knowledge or has been provided written notice. Owner/Agent and Resident agree that the other residents of the property are the third-party beneficiaries of this provision. A Resident may sue another resident to enforce this provision but does not have the right to evict another resident. Any lawsuit between residents regarding this provision shall not create a presumption that the Owner/Agent has breached this Agreement. A breach of this provision by the Resident shall be deemed a material breach of the Rental/Lease Agreement and grounds for immediate termination of the Rental/Lease Agreement by the Owner/Agent.

21. **LIABILITY FOR PACKAGES:** Owner/Agent is not responsible for the delivery, acceptance or receipt of, damage to or loss of messages, packages, mail or other material left at entrances to the premises or elsewhere on the premises.

22. **ACCESS CHARGES:** Resident should take care not to lock himself/herself out of the Premises. If Owner/Agent is required to assist any Resident in gaining entry to the Premises, Resident may be assessed a charge for the actual costs, including out of pocket expenses, incurred by Owner/Agent and Owner/Agent may require Resident to contract with a professional locksmith.

23. **PLUMBING:** Cost of repair or clearance of stoppages in waste pipes or drains, water pipes or plumbing fixtures caused by Resident's negligence or improper usage are the responsibility of the Resident. Resident shall reimburse Owner/Agent for these costs on demand.

24. **FINES AND PENALTIES:** Resident is responsible for any fines or other costs occasioned by violations of the law by Resident or Resident's guests on the premises or property while Resident is in possession. If any such fines or costs are levied against Owner/Agent, Resident agrees to pay such fines or costs attributed to Resident's tenancy or the conduct of Resident, Resident's guests or others at the premises, upon receipt of an invoice from Owner/Agent. The obligation to pay fines and costs assessed against Owner/Agent may be in addition to any assessed directly against Resident.

25. **REPAIRS AND ALTERATIONS:** Resident shall make a written request to Owner/Agent regarding any repairs, decorations or alterations contemplated. Except as provided by law, no repairs, decorating or alterations shall be done by Resident without Owner/Agent's prior written consent. This includes, but is not limited to, painting, wallpapering, and changing locks. Resident may not make any alterations to cable or telephone inside wiring (such as may occur when changing telecommunications providers or adding phone lines) without prior written consent of the Owner/Agent. The consent request regarding proposed alterations to inside wiring shall include the name, address, and telephone number of any new telecommunications providers. Resident agrees to pay all costs resulting from the alteration and agrees to pay to the Owner/Agent any costs associated with restoring the inside wiring to the condition at the time of move-in, except for reasonable wear and tear. Resident shall hold Owner/Agent harmless and indemnify Owner/Agent as to any mechanic's lien recordation or proceeding caused by Resident.

26. **ACCEPTANCE OF PREMISES:** Resident has inspected the premises, furnishings and equipment, and has found them to be satisfactory. All plumbing, heating and electrical systems are operative and deemed satisfactory.

27. **CARE, CLEANING AND MAINTENANCE:** Except as prohibited by law, Resident agrees:
   (a) to keep the premises as clean and sanitary as their condition permits and to dispose of all rubbish, garbage and other waste, in a clean and sanitary manner, unless Owner/Agent has expressly agreed otherwise in writing in an addendum to this Agreement. Resident shall ensure that large boxes are broken apart before being placed in trash containers. Resident shall be responsible, at Resident's expense, for hauling to the dump those items too large to fit in the trash containers. Resident shall not dispose of any flammable liquids, rags or other items soaked with flammable liquids or any other hazardous material in trash containers or bins;
   (b) to properly use and operate all electrical, gas and plumbing fixtures and keep them as clean and sanitary as their condition permits;
   (c) to keep the premises and furniture, furnishings and appliances, and fixtures, which are rented for Resident's exclusive use, in good order and condition; that all rooms on the premises and all appliances and fixtures on the premises must be able to be used for their intended purpose(s);
   (d) not to willfully or wantonly destroy, deface, damage, impair or remove any part of the structure or dwelling unit or the facilities, equipment, or appurtenances thereto or to permit any person on the premises, to do any such thing;
   (e) to occupy the premises as a residence, utilizing portions thereof for living, sleeping, cooking or dining purposes only which were respectively designed or intended to be used for such purposes.
   (f) to leave the premises in the same condition as it was received, subject to normal wear and tear, as its condition permits.
   (g) to return the premises, upon move-out to the same level of cleanliness it was in at the inception of the tenancy.
   (h) to pay Owner/Agent for costs to repair, replace or rebuild any portion of the premises damaged by the Resident, Resident's guests or invitees.
   (i) to promptly advise Owner/Agent of any items requiring repair, such as locks or light switches. Resident shall notify the Owner/Agent of any leaks, drips, water fixtures that do not shut off properly, including, but not limited to, a toilet, or other



*California Apartment Association Approved Form*
*www.caanet.org*
**Form 2.1 – Revised 12/16 - ©2016 – All Rights Reserved**
*Page 5 of 8*

**Unauthorized Reproduction of Blank Forms is Illegal.**



problems with the water system, including, but not limited to, problems with water-saving devices. Resident shall make repair requests as soon after the defect is noted as is practical.

(j)   to keep doors and windows and access to them unobstructed and to not block them with personal items or otherwise, and to maintain clear pathways into and through each room on the premises. Resident must not otherwise maintain the unit in a manner that prevents necessary access through each room and to all doors and windows, inhibits necessary airflow, acts as a potential haven for pests and mold growth, creates a fire hazard, or prevents rooms from being used for their intended purposes.

**28. STORAGE PROHIBITIONS (CHECK ONE)**
☒   No storage outside of the Resident's unit is authorized, permitted, or provided under this Agreement. Resident agrees to keep personal property inside Resident's unit, unless Owner/Agent has expressly agreed otherwise in writing in an addendum to this Agreement. Resident shall refrain from storing gasoline, cleaning solvent or other flammable liquids in the unit. (If neither box is checked, this provision applies.)
☐   Storage is allowed pursuant to the attached CAA Form 63.0 – Storage Addendum.

**29. LANDSCAPING:** Resident ☒ is ☐ is not (check one) responsible for the upkeep of the yard and maintenance of the landscaping, including watering, mowing, weeding and clipping, or ☐ please see attached Addendum. Resident shall promptly advise Owner/Agent of any problems with the landscaping, including, but not limited to, dead grass, plants or tree limbs, insect infestations, discolored or yellowing foliage and insufficient irrigation or leaks. Resident may not delegate the responsibilities of this paragraph to any person, including a contractor or other landscaping professional. Resident may not alter the landscaping, or engage in "personal agriculture" without Owner/Agent's prior written permission.

**30. SMOKE DETECTION DEVICE:** The premises are equipped with a functioning smoke detection device(s), and Resident shall be responsible for testing the device weekly and immediately reporting any problems, maintenance or need for repairs to Owner/Agent. If battery operated, Resident is responsible for changing the detector's battery as necessary. Resident may not disable, disconnect or remove the detector. Owner/Agent shall have a right to enter the premises to check and maintain the smoke detection device as provided by law.

**31. CARBON MONOXIDE DETECTION DEVICE:** If the premises are equipped with a functioning carbon monoxide detection device(s), Resident shall be responsible for testing the device weekly and immediately reporting any problems, maintenance or need for repairs to Owner/Agent. If battery operated, Resident is responsible for changing the detector's battery as necessary. Resident may not disable, disconnect or remove the detector. Owner/Agent shall have a right to enter the premises to check and maintain the carbon monoxide detection device as provided by law.

**32. WAIVER OF BREACH:** The waiver by either party of any breach shall not be construed to be a continuing waiver of any subsequent breach. The receipt by Owner/Agent of the rent with the knowledge of any violation of a covenant or condition of this agreement shall not be deemed a waiver of such breach. No waiver by either party of the provisions herein shall be deemed to have been made unless expressed in writing and signed by all parties to this Agreement.

**33. JOINT AND SEVERAL LIABILITY:** The undersigned Resident(s), whether or not in actual possession of the premises, are jointly and severally liable for all obligations under this Agreement and shall indemnify Owner/Agent for liability arising prior to the return of possession to the Owner/Agent for personal injuries or property damage caused or permitted by Resident(s), their guests, and invitees. This does not waive "Owner/Agent's duty of care" to prevent personal injury or property damage where that duty is imposed by law.

**34. RENTERS INSURANCE:** Resident's property is not insured by Owner/Agent. Owner/Agent recommends that Resident obtain coverage for Resident's personal property. Resident is not a co-insured and is expressly excluded from coverage under any insurance policy held by Owner/Agent which is now in effect or becomes effective during the term of this Agreement.  A renter's liability insurance policy such as the one that may be required below, benefits both the Owner/Agent and the Resident.

**(CHECK ONE BOX)**
☒   Resident is required to maintain renter's liability insurance for the benefit of the Owner/Agent and the Resident throughout the duration of the tenancy as specified in the attached Renters Insurance Addendum. Resident must provide proof of such insurance to the Owner/Agent on demand.
Resident must obtain insurance:
   ☒   within 30 days of the inception of the tenancy.
   ○   prior to occupancy.
   ○   by _____. (date)
Failure to comply with this requirement is a material violation of the Rental/Lease Agreement.

☐   Resident is encouraged but not required to obtain renters liability insurance.



*California Apartment Association Approved Form*
*www.caanet.org*
*Form 2.1 – Revised 12/16 – ©2016 – All Rights Reserved*
*Page 6 of 8*

**Unauthorized Reproduction of Blank Forms is Illegal.**



35. **ENTRY AND COOPERATION:** California law allows Owner/Agent or their employee(s) to enter the premises for certain purposes during normal business hours. The Owner/Agent will provide written notice to the Resident prior to the entry of the dwelling unit whenever required by state law. (Civil Code Section 1954.) Resident's non-compliance with Owner/Agent's lawful request for entry is a material breach of this Agreement that may be cause for immediate termination as provided herein and by law.

If the Premises or the Building is required by any government agency, lender or insurer to undergo repairs or alterations, or in case of other necessary or agreed repairs, Resident agrees to cooperate fully with Owner/Agent so that all such repairs or alterations are made in as expeditious and efficient a manner as possible.

36. **BREACH OF LEASE:** In the event that Resident breaches this Lease Agreement, Owner/Agent shall be allowed at Owner/Agent's discretion, but not by way of limitation, to exercise any or all remedies provided Owner/Agent by California Civil Code Section 1951.2 and 1951.4. Damages Owner/Agent "may recover" include the worth at the time of the award of the amount by which the unpaid rent for the balance of the term after the time of award, or for any shorter period of time specified in the Lease Agreement, exceeds the amount of such rental loss for the same period that the Resident proves could be reasonably avoided.

37. **DESTRUCTION OF OR DAMAGE TO THE PREMISES:** In the event the premises are partially or totally damaged or destroyed by fire or other cause, the following will apply:
   a. If the premises are totally destroyed by fire, earthquake or other casualty, this Agreement will terminate, as of the date on which the damage occurs. However, if the damage or destruction is the result of the negligence of the Resident, or his or her invitees, then the Agreement will not terminate, unless notice is given by the Owner/Agent, specifying the termination date.
   b. If the premises are only partially damaged, or are temporarily uninhabitable, as determined by Owner/Agent, Owner/Agent will use due diligence to begin the process to repair such damage and restore the premises as soon as possible. If only part of the premises cannot be used, there will be a proportionate reduction of rent until the premises are repaired, to be determined solely by Owner/Agent.

38. **SALE OF PROPERTY:** In the event of the sale or refinance of the property: If Owner/Agent presents to Resident CAA Form 2.3 - *Resident's Certification of Terms - Estoppel Certification*, or other similar form, Resident agrees to execute and deliver the form acknowledging that this Agreement is unmodified and in full force and effect, or in full force and effect as modified with the consent of Owner/Agent, and stating the modifications, within ten (10) days of written notice. Failure to comply shall be deemed Resident's acknowledgement that the form as submitted by Owner/Agent is true and correct and may be relied upon by any lender or purchaser.

39. **NOTICE:** Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.

40. **CREDIT REPORTS:** A negative credit report reflecting on your credit history may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. Resident expressly authorizes Owner/Agent (including a collection agency) to obtain Resident's consumer credit report, which Owner/Agent may use if attempting to collect past due rent payments, late fees, or other charges from Resident, both during the term of the Agreement and thereafter.

41. **SEVERABILITY CLAUSE:** If any provision of this Agreement is held illegal or unenforceable in a judicial proceeding, such provision shall be severed and shall be inoperative, and the remainder of this Agreement shall remain operative and binding on the Parties.



**Unauthorized Reproduction of Blank Forms is Illegal.**


**42. ADDENDA:** By initialing as provided below, Resident(s) acknowledge receipt of the following applicable addenda (as checked), copies of which are attached hereto and are incorporated as part of this Agreement.

| | |
|---|---|
| ☐ Asbestos Addendum (Form 17.1) | ☒ Renters Insurance Addendum (Form 12.0-MF) |
| ✓ Bed Bug Addendum (Form 36.0) | ☒ Satellite Dish and Antenna Addendum (Form 2.5) |
| ☒ CC&Rs Addendum (Form 2.9) | ☒ Smoke Detector Addendum (Form 27.0) |
| ☒ Carbon Monoxide Detector (Form 27.1) | ☒ Smoking Policy Addendum (Form 34.0) |
| ☒ Clothesline/Drying Rack Addendum (Form 62.0) | ☐ Spare the Air Addendum (Form 37.0) |
| ☒ Day Care Addendum (Form 28.0) | ☐ Storage Addendum (Form 63.0) |
| ☐ Furniture Inventory (Form 16.1) | ☒ Unlawful Activity Addendum (Form 2.4) |
| ☒ Grilling Addendum (Form 35.0) | ☒ Water Conservation Addendum (Form 40.0) |
| ☒ Guarantee of Rental/Lease Agreement (Form 41.0) | ☐ Waterbed Addendum (Form 14.0) |
| ☒ Lead-Based Paint Addendum (Form LEAD1) | ☒ Other _____ Key agreement _____ |
| ☒ Mold Notification Addendum (Form 2.7) | ☒ Other _____ addendums _____ |
| ☒ Move In/Move Out Itemized Statement (Form 16.0) | ☐ Other _____ |
| ☒ Periodic Application by Pest Control Operator Addendum (Form 61.5) | |
| | ☐ Other _____ |
| ☒ Periodic Application of Pesticides by Owner/Agent Addendum (Form 61.4) | |
| | ☐ Other _____ |
| ☒ Personal Agriculture Addendum (Form 49.0) | ☐ Other _____ |
| ☒ Pet Addendum (Form 13.0) | ☐ Other _____ |
| ☒ Political Signs Addendum (Form 39.0) | ☐ Other _____ |
| ☐ Pool Rules Addendum (Form 15.0) | ☐ Other _____ |

Resident(s) initials here: _____

**43. MANDATORY BED BUG NOTICE:** California law requires all Owners/Agents to provide specific information about bed bugs to their Residents. By initialing as provided, Resident(s) acknowledge receipt of the Bedbug Notification Addendum attached hereto.

Resident(s) initials here: _____

**44. ENTIRE AGREEMENT:** This Agreement, which includes all attachments referred to above, constitutes the entire Agreement between the parties and cannot be modified except in writing and signed by all parties, except as permitted by applicable law. Neither Owner/Agent, nor any agent or employee of Owner/Agent has made any representations or promises other than those set forth herein.

**45. ATTORNEYS' FEES:** If any legal action or proceeding is brought by either party to enforce any part of this Agreement, the prevailing party shall recover, in addition to all other relief, reasonable attorneys' fees and court costs, unless one of the following two boxes is checked:

☒ the prevailing party shall recover, in addition to all other relief, attorneys' fees not to exceed $ _1500.00_ , plus court costs.
or
☐ each party shall be responsible for their own attorneys' fees and court costs.

The undersigned Resident(s) acknowledge(s) having read and understood the foregoing, and receipt of a duplicate original.

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Date | Resident   Lacrescia Leverett | Date | Resident |
| _____ | _____ | _____ | _____ |
| Date | Resident | Date | Resident |
| _____ | _____ | _____ | _____ |
| Date | Resident | Date | Resident |
| _2/28/17_ | _____ | | |
| Date | Owner/Agent   Geanie YJL Cai | | |



*California Apartment Association Approved Form*
*www.caanet.org*
**Form 2.1** – Revised 12/16 – ©2016 – All Rights Reserved
Page 8 of 8

**Unauthorized Reproduction of Blank Forms is Illegal.**



# Exhibit 2

# THREE DAY NOTICE TO PAY RENT OR QUIT

TO: _____ La Crescia Leverett _____

*All Residents (tenants and subtenants) in possession (full name) and all others in possession*

of the premises located at:

_____ 12849 San Juan St _____ , Unit # (if applicable) _____
*(Street Address)*

_____ Victorville _____ , CA _____ 92395 _____
*(City)* *(Zip)*

WITHIN THREE DAYS after the service on you of this Notice, you are hereby required to make payment PAYABLE TO

_____ MGR Property Management _____ (Owner/Agent) the rent for the premises

amounting to the total sum of: _____ One thousand three hundred ninety five _____

dollars ($ 1,395.00 _____ ) calculated as follows:

$ _____ 1395.00 for the rental period from _____ 1/1/18 _____ through _____ 1/31/18

$ _____ for the rental period from _____ through _____

$ _____ for the rental period from _____ through _____

OR QUIT AND DELIVER THE POSSESSION OF THE PREMISES.

If you fail to perform or otherwise comply, Owner/Agent declares the forfeiture of your Rental/Lease Agreement and will institute legal proceedings to obtain possession. Such proceedings could result in a judgment against you, which may include attorneys' fees and court costs as allowed by law, and an additional punitive award of six hundred dollars ($600) in accordance with California law. If you fail to fulfill the terms of your credit obligations, a negative credit report may be submitted to a credit reporting agency. This Three-day Notice to Pay Rent or Quit supersedes all previous Three-day Notices to Pay Rent or Quit, if any.

Payment must be delivered to: _____ MGR Property Management _____
*(Name to whom rent should be delivered)*

at _____ 15428 Civic Dr # 150 Victorville Ca 92392 _____ .
*(Address where payments should be delivered)*

Telephone number for above address: _____ 760-269-0400 _____

Payments made in person may be delivered between the hours of ____ 8 am ____ and ____ 5 pm ____ on the following days of the week: ☒ Monday ☒ Tuesday ☒ Wednesday ☒ Thursday ☒ Friday ☒ Saturday ☐ Sunday

☐ Other _____

Acceptable methods of payment: ☐Personal Check ☒Cashier's Check ☒Money Order ☐Credit ☐EFT (Pursuant to previously established Electronic Funds Transfer procedure) and ☐Cash

*1/10/18* _____

Date

*Dawn Leach*

Owner/Agent MGR Property Management



*California Apartment Association Approved Form*
*www.caanet.org*
**Form 4.0-SV** – Revised 12/14 - ©2014 – All Rights Reserved
*Page 1 of 2*

**Unauthorized Reproduction of Blank Forms is Illegal.**



Exhibit 2

# THREE DAY NOTICE TO PAY RENT OR QUIT

## Proof of Service

I, the undersigned, being at least 18 years of age, declare that I served this notice, of which this is a true copy, on the _16_

day of _Jan_ (month), _2018_ (year), on the above-mentioned resident(s) in possession, in the manner indicated below.

☐ **BY DELIVERING** a copy of the Notice to the following resident(s)  **PERSONALLY:** _____

☐ **BY LEAVING** a copy for each of the above-named resident(s) with a person of suitable age and discretion at the residence or usual place of business of the resident(s),  said  resident(s)  being  absent  thereof;
AND MAILING by first class mail on said date a copy to each resident by depositing said copies in the United States   Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named resident(s) at their place of residence.

☑ **BY POSTING** a copy for each of the above-named resident(s) in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said resident(s);
AND MAILING by first class mail on the same day as posted, a copy to each resident by depositing said copies in the United States Mail, in a sealed envelope with postage fully prepaid, addressed to the resident(s) at the place where the property is situated.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed this _16_ day of _Jan_ (month), _18_ (year), in _Victorville_ (City), _Ca_ (State).

_Dawn Leach_
Name of Declarant (Print)

X _Dawn Leach_
(Signature of Declarant)



*California Apartment Association Approved Form*
*www.caanet.org*
*Form 4.0-SV – Revised 12/14 - ©2014 – All Rights Reserved*
*Page 2 of 2*

**Unauthorized Reproduction of Blank Forms is Illegal.**



# Exhibit 3

Exhibit 3    Pg 1 of 4

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James M. Blucker, Attorney at Law<br>— #311340<br>3800 E. Concours St., Suite 300<br>Ontario, CA 91764<br>TELEPHONE NO.: (909) 354-2146    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* bluckerlaw@gmail.com<br>ATTORNEY FOR *(Name):* Geanie YJL Cai - Plaintiff | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>BARSTOW DISTRICT<br><br>JAN 2 3 2018<br><br>BY _____<br>LAQUITA JOHNSON, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 235 East Mountain View Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Barstow, CA 92311
BRANCH NAME: Barstow District

PLAINTIFF:  Geanie YJL Cai

DEFENDANT:  LaCrescia Leverett

[✓] DOES 1 TO 10

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [✓] COMPLAINT    [ ] AMENDED COMPLAINT *(Amendment Number):* ____ | UDBS1800164 |

**Jurisdiction *(check all that apply):***

[✓] ACTION IS A LIMITED CIVIL CASE
Amount demanded    [✓] does not exceed $10,000
                   [ ] exceeds $10,000 but does not exceed $25,000

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)

[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
    [ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited
    [ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

1. PLAINTIFF *(name each):*
   Geanie YJL Cai

   alleges causes of action against DEFENDANT *(name each):*
   LaCrescia Leverett

2. a.  Plaintiff is  (1) [✓] an individual over the age of 18 years.  (4) [ ] a partnership.
             (2) [ ] a public agency.  (5) [ ] a corporation.
             (3) [ ] other *(specify):*

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
   12849 San Juan Street
   Victorville, CA 92395 - San Bernardino County

4. Plaintiff's interest in the premises is  [✓] as owner  [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date):* March 1, 2017    defendant *(name each):*
      LaCrescia Leverett

     (1) agreed to rent the premises as a [ ] month-to-month tenancy [✓] other tenancy *(specify):* 1 year fixed term
     (2) agreed to pay rent of $ 1,395.00  payable [✓] monthly [ ] other *(specify frequency):*
     (3) agreed to pay rent on the [✓] first of the month [ ] other day *(specify):*

   b. This [✓] written [ ] oral  agreement was made with
     (1) [ ] plaintiff.  (3) [ ] plaintiff's predecessor in interest.
     (2) [✓] plaintiff's agent.  (4) [ ] other *(specify):*

***NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use
Judicial Council of California
UD–100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

Exhibit 3    Pg 2 of 4

| PLAINTIFF *(Name):* Geanie YJL Cai | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* LaCrescia Leverett | UDBS1800164 |

6. c. ☑ The defendants not named in item 6a are

    (1) ☐ subtenants.

    (2) ☐ assignees.

    (3) ☑ other *(specify):*   Unauthorized occupants

  d. ☐ The agreement was later changed as follows *(specify):*

  e. ☑ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

  f. ☐ *(For residential property)*  A copy of the written agreement is **not** attached because *(specify reason):*

    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.

    (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☑ a. Defendant *(name each):*

    LaCrescia Leverett

    was served the following notice on the same date and in the same manner:

    (1) ☑ 3-day notice to pay rent or quit    (4) ☐ 3-day notice to perform covenants or quit

    (2) ☐ 30-day notice to quit    (5) ☐ 3-day notice to quit

    (3) ☐ 60-day notice to quit    (6) ☐ Other *(specify):*

  b. (1) On *(date):* January 19, 2018    the period stated in the notice expired at the end of the day.

    (2) Defendants failed to comply with the requirements of the notice by that date.

  c. All facts stated in the notice are true.

  d. ☑ The notice included an election of forfeiture.

  e. ☑ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*

  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8. a. ☑ The notice in item 7a was served on the defendant named in item 7a as follows:

    (1) ☐ by personally handing a copy to defendant on *(date):*

    (2) ☐ by leaving a copy with *(name or description):*

    a person of suitable age and discretion, on *(date):*    at defendant's

    ☐ residence  ☐ business  AND mailing a copy to defendant at defendant's place of residence on

    *(date):*    because defendant cannot be found at defendant's residence or usual place of business.

    (3) ☑ by posting a copy on the premises on *(date):* January 16, 2018  ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on

    *(date):* January 16, 2018

    (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR

    (b) ☑ because no person of suitable age or discretion can be found there.

    (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date):*

    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

  b. ☐ *(Name):*

    was served on behalf of all defendants who signed a joint written rental agreement.

  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

  d. ☑ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

Exhibit 3    Pg 3 of 4

| PLAINTIFF *(Name):* Geanie YJL Cai | CASE NUMBER: |
|---|---|
| DEFENDANT*(Name):* LaCrescia Leverett | UDBS1800164 |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☑ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 1,395.00

11. ☑ The fair rental value of the premises is $ 46.50     per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☑ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☑ past-due rent of $ 1,395.00
   d. ☑ reasonable attorney fees.
   e. ☑ forfeiture of the agreement.

   f. ☑ damages at the rate stated in item 11 from
     *(date):* February 1, 2018     for each day that
     defendants remain in possession through entry of judgment.
   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
   h. ☐ other *(specify):*

18. ☑ Number of pages attached *(specify):*   14

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☑ did **not** ☐ did   for compensation give advice or assistance with this form. *(If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, state:)*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone No.:
   d. County of registration:
   e. Registration No.:
   f. Expires on *(date):*

Date: January 23, 2018

James M. Blucker, Esq.
_____
(TYPE OR PRINT NAME)

▶ *(signature)*
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 23, 2018

See Attached Verification
_____
(TYPE OR PRINT NAME)

▶ *See Attached Verification*
_____
(SIGNATURE OF PLAINTIFF )

Exhibit 3  pg 4 of 4

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I have read the foregoing answer and know its contents.

## CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

☐ I am ☐ an officer ☐ a partner _____ ☐ a _____ of _____ ,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

☑ I am one of the attorneys for Geanie YJL Cai, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on January 23, 2018, at Ontario, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

James M. Blucker, ESq.
_____

Type or Print Name

_____
Signature

James M. Blucker, Esq. #311340
3800 E. Concours St., Suite 300
Ontario, CA 91764
909-354-2146
bluckerlaw@gmail.com

Attorney for Movant, Geanie YJL Cai

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

**In Re: Rodney Leverett, Sr. and Lecrescia Marlene Leverett    Case No: 6:18-bk-111307-SC**

**DECLARATION:**

I, James M. Blucker, the attorney on record for the Unlawful Detainer action filed by movant state the foregoing declaration supporting a hearing on shortened notice.

Movant is the owner of rental property located at 12849 San Juan St. in Victorville, California, 92395 and the debtor is the tenant.

An unlawful detainer action was filed by the movant on January 23, 2018 after debtor failed to pay rent and was properly served a 3 day notice and the cure period elapsed. Debtor answered the complaint and a trial was set for February 22, 2018 at the Superior Court of San Bernardino, Barstow District. On February 22, 2018, the day of trial, debtor, through counsel, notified my office and emailed a copy of notice of filing bankruptcy, which was filed on February 20, 2018.

Movant seeks rapid recovery of her property, which can only be accomplished through relief of the automatic stay in order to proceed in the state Superior Court..

As the motion for relief from automatic stay for unlawful detainer demonstrates, the debtor does not have a property interest in the premises. Relief from automatic stay will not hinder or delay any creditors named in the bankruptcy. Movant is only seeking possession of the property she owns which debtor rented and failed to make rental payments on.

- 1 -
Declaration

1         I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3

4    DATED: March 1, 2018

5    _____
     James M. Blucker, Esq.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28